UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

 Plaintiff/Respondent,

vs.                            Case No. 10-20766

PAUL WILLIAM HILTON,              HON. AVERN COHN

 Defendant/Petitioner.
_____/

## ORDER DENYING PETITIONER'S REQUEST FOR CLARIFICATION AND RECONSIDERATION (Doc. 216)

I.

This is a criminal case which is closed. In 2013, Defendant/Petitioner Paul Hilton (Hilton) plead guilty to two counts of conspiracy to produce child pornography. Hilton convinced a 21-year old online girlfriend to sexually assault a two year-old girl, record these actions, and send these recordings to him. Hilton did this while on federal supervised release for prior child pornography convictions. The Court sentenced Hilton to forty years imprisonment followed by a lifetime of supervised release. Hilton appealed, challenging the denial of two different motions to suppress which claimed violations of his Fourth and Fifth Amendment rights. The Court of Appeals for the Sixth Circuit affirmed. United States v. Hilton, No. 14-1571 (6th Cir. Sept. 9, 2015). (Doc. 172) and the Supreme Court denied certiorari. United States v. Hilton, No. 15- 1870 (U.S. Apr. 5, 2016). (Doc. 179). Hilton then filed a pro se motion under 28 U.S.C. § 2255. (Doc. 191). The Court denied the motion and declined to issue a certificate of appealability. (Doc. 201). The Sixth Circuit also denied a certificate of appealability, finding that the Court properly denied Hilton relief under § 2255. (Doc. 206). Hilton then

filed a motion under Rule 60(b) seeking relief from the Court's order denying his § 2255 motion. (Doc. 210). The Court denied the motion. (Doc. 212). Hilton filed a notice of appeal. (Doc. 214).

Before the Court is Hilton's "Request for Clarification and Reconsideration." (Doc. 215). For the reasons that follow, the motion is DENIED.

II.

In his request for clarification, Hilton asks the Court to "answer" several questions to "provide some guidance." The questions generally relate to Hilton's overall contention that he was denied due process.[1] There is no authority that requires the Court to answer any of Hilton's questions nor would it be appropriate for the Court to do so.

As to reconsideration, Hilton has not identified any error in the Court's denial of his Rule 60(b) motion which would warrant reconsideration. See E.D. Mich. LR 7.1(h)(3).

SO ORDERED.

> S/Avern Cohn
> AVERN COHN
> UNITED STATES DISTRICT JUDGE

Dated: 5/21/2019
      Detroit, Michigan

---

[1] For example, Hilton asks the following questions:

> Is there more than one way for a defendant's right to due process of law (or any constitutional right) can be violated? Or are the specific individual grounds mutually exclusive?

> Did the changes made to the Sentencing Guidelines validate Mr. Hilton's Fifth Amendment Penalty Situation argument? If not, why not?